IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00279-GCM

| MICHAEL THAYER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| ANDREW SAUL, | ) |  |
| Defendant. | ) |  |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), filed on April 20, 2020. The Commissioner has filed a Response in opposition and Plaintiff has filed a Reply.

The Commissioner objects solely to the number of hours expended on this matter by Plaintiff's counsel, contending that 52.37 hours is excessive.[1] EAJA provides for an award of "reasonable" attorney's fees 28 U.S.C. § 2412(d)(2)(A). "Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002). Thus, a fee should be based on a reasonable number of hours at a reasonable hourly rate.[2] *See Hyatt*, 315 F.3d at 248. The party seeking fees under EAJA should submit evidence supporting the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of establishing the reasonable time

---

[1] Defendant does not dispute that Plaintiff was the prevailing party; that Defendant's position in the underlying litigation was unjustified; or that Plaintiff is procedurally eligible for EAJA fees.
[2] Defendant does not object to Plaintiff's hourly rate.

1

expended as well as a reasonable hourly rate. *Hyatt*, 315 F.3d at 253; *Harlan v. Colvin*, No. 3:12-Cv-443 GCM-DCK, 2014 WL 1632931, at *2 (W.D.N.C. Apr. 23, 2014). Other relevant factors may include (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. *Miles v. Colvin*, 2014 WL 1309293, *1 (E.D.N.C. July 24, 2014).

The Commissioner argues that the number of hours requested by Plaintiff are excessive and warrant reduction. Specifically, the Commissioner submits that the eight hours claimed by attorney Denise A. Sarnoff on July 9, 2019 for "Reviewed for merit memo" are excessive and not reasonably expended. According to Plaintiff's time sheet, attorney George Piemonte noted on June 15, 2019, that the case was being reviewed for merit to appeal, a file memo was drafted, and the conclusion was to appeal (Doc. No. 23-2 at p. 1). Plaintiff filed his Complaint herein on June 17, 2019. Subsequently, on July 9, 2019, after it was decided by attorney Piemonte that the case had merit to appeal, attorney Sarnoff billed eight hours to review a merit memo (*Id.*). According to the time sheet, attorney Sarnoff did not begin drafting the summary judgment memorandum in this case until December 30, 2019, nearly five months after reviewing the merit memo (Doc. No. 23-2 at pp. 1-2). On December 30, 2019, attorney Sarnoff again noted that she reviewed the "merit memo" and billed 6.5 hours for that review and for various other tasks (Doc. No. 23-2 at 2). The Court finds that spending eight hours to simply review a memo is excessive, and that two hours would have been a more reasonable expenditure of time. The Court will therefore reduce the fee award by $1,235.89.

The Commissioner also complains that the 27.32 hours that attorney Sarnoff billed related to the preparation of a medical index in various entries from December 30, 2019 through January 6, 2020 was excessive. A medical index was not required to be filed with the summary judgment

2

Case 3:19-cv-00279-GCM   Document 27   Filed 07/22/20   Page 2 of 3

memorandum, which included a nearly four-page summary of the relevant medical evidence. (Doc. No. 18, pp. 16-20). Additionally, Plaintiff's index to the medical record is simply a recitation of the medical records located in the certified administrative transcript, and does not include any formal legal analysis. Thus, it appears that the preparation of the medical index is a clerical task, which is not compensable. A prevailing party may recover fees only for work that is traditionally done by an attorney. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). Some tasks are clerical, regardless of who (such as a paralegal) performs them. *See Elliott v. Astrue*, 2012 WL 3191027 at *3 (W.D.N.C. Aug. 3, 2012). The Court finds that the 27.32 hours billed for the preparation of the medical index are excessive and will be stricken, for a reduction of $5,647.84.

Accordingly, the Court finds that Plaintiff should be awarded an attorney's fee under EAJA in the amount of $3,943.00.

**IT IS ORDERED** that the Plaintiff's Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) is **GRANTED**, to the extent that the Court will award attorney fees in the amount of $3,943.00, and that pursuant to *Comm'r of Soc. Sec. v. Ratliff*, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe a federal debt, the government will exercise its discretion and honor an assignment of EAJA fees and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Signed: July 22, 2020

Graham C. Mullen
United States District Judge